# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, et al., | ) | |
| Plaintiffs, | ) | 8:08CV90 |
| and | ) | |
| DAVID CHUOL, et al., | ) | |
| Plaintiffs, | ) | 8:08CV99 |
| vs. | ) | |
| NEBRASKA BEEF, LTD. and NEBRASKA BEEF, INC., | ) | ORDER |
| Defendants. | ) | |

This matter is before the court on the defendants' motions to consolidate (Filing No. 16 in case No. 8:08CV90, and Filing No. 116 in case No. 8:08CV99).[1] The plaintiffs state they agree to consolidation and are in the process of conferring about the status of appointing lead counsel. **See** Filing No. 19 in case No. 8:08CV90, and Filing No. 122 in case No. 8:08CV99. At the time of filing the motions to consolidate, the defendant also filed a motion to stay (Filing No. 115) in the *Chuol* case. The motion to stay seeks a stay of the ruling on the plaintiff's motion for conditional class certification until after the consolidation issues are resolved. The motion for conditional class certification is fully briefed in the *Chuol* case, however the defendant has not yet filed a response to a similar motion filed in the *Cortez* case.

The parties state the cases are related and may be consolidated for all purposes. Both cases were filed by the defendants' current and former employees, as class actions. The allegations are based on the Fair Labor Standards Act and state law regarding pay for

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue unlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

pre- and post-shift activities, or "donning and doffing," and other activities. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including for alleged failures to pay minimum wage and overtime compensation. The two complaints were filed days apart, with the *Cortez* case filed March 3, 2008, and the *Chuol* case filed March 5, 2008. There are however slight differences in the two complaints, which were filed by different counsel.

Fed. R. Civ. P. 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1)   join for hearing or trial any or all matters at issue in the actions;
> (2)   consolidate the actions; or
> (3)   issue any other orders to avoid unnecessary cost or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds Case No. 8:08CV90 presents common issues of law and fact with Case No. 8:08CV99. Furthermore, consolidation of these matters will promote judicial economy. The plaintiffs allege similar causes of injury. The same defendant and defendant's counsel are involved in both actions. All parties agree consolidation will lead

to judicial economy. Thus, the court believes consolidation will not lead to inconvenience, inefficiency, or unfair prejudice. Therefore, pursuant to Fed. R. Civ. P. 42(a), ***Fermin Cortez, et al. v. Nebraska Beef, Ltd.***, (Case No. 8:08CV90) and ***David Chuol, et al. v. Nebraska Beef, Ltd.***, (Case No. 8:08CV99) will be consolidated for all purposes.

The court will allow the parties to confer regarding the appointment of lead counsel for the plaintiffs and related matters before making a determination about class issues. If the parties are unable to agree, each party may move for appointment of particular lead counsel as described below. Upon consideration,

**IT IS ORDERED:**

1. The defendants' motions to consolidate (Filing No. 16 in case No. 8:08CV90, and Filing No. 116 in case No. 8:08CV99) are granted.

2. ***Fermin Cortez, et al. v. Nebraska Beef, Ltd.***, Case No. 8:08CV90 and ***David Chuol, et al. v. Nebraska Beef, Ltd.***, Case No. 8:08CV99 are hereby consolidated for all purposes.

3. All future filings shall contain the consolidated case caption which appears on this order.

4. All future filings shall only be filed in the earlier filed action ***Fermin Cortez, et al. v. Nebraska Beef, Ltd.***, Case No. 8:08CV90.

5. The defendant's motion to stay (Filing No. 115) is granted. The court will resolve the plaintiffs' motions for conditional class certification upon completion of the briefing of the motion in the ***Cortez*** case or other stipulation by the parties.

6. The plaintiffs shall have to **on or before June 26, 2008**, to file a joint motion or separate motions for appointment of lead counsel. If there are competing motions for appointment of lead counsel, any opposition to the motions shall be filed **on or before July 11, 2008**. Replies may be filed **on or before July 18, 2008**.

DATED this 12th day of June, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States District Judge