IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, on behalf of themselves and all other similarly situated individuals, et al., | ) ) ) ) | 8:08CV90 |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| NEBRASKA BEEF, INC., and NEBRASKA BEEF, LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID CHUOL, on behalf of himself and all other similarly situated individuals, | ) ) ) ) | 8:08CV99 |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| NEBRASKA BEEF, Ltd., | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Nebraska Beef's objection to the report and recommendation of the magistrate judge who conditionally granted plaintiffs' motion to certify the class. Filing Nos. 36 and 37 in 8:08CV90 and Filing Nos. 142 and 143 in 8:08CV99. In both cases, the plaintiffs filed for conditional class certification pursuant to 28 U.S.C. § 216(b). Filing No. 8, 8:08CV90; Filing No. 32, 8:08CV99. The plaintiffs in both

cases are current or former employees of the defendants. Plaintiffs filed an action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* contending that defendants violated the FLSA by failing to pay them for pre- and post-shift activities.[1] Plaintiffs ask for damages for violation of federal and state wage and hour laws and minimum wage laws and overtime compensation.

A district court reviews de novo those portions of a magistrate's order that are objected to by a party. *Grinder v. Gammon*, 73 F.3d 793, 792 (8th Circuit 1996). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(2006). A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law. *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Circuit 2007) (*citing* 28 U.S.C. § 636(b)(1)(A) (2006)).

The plaintiffs seek to conditionally certify the class to assist with notification of all potential parties. The magistrate judge determined that the initial conditional certification process is based on a lenient standard. The magistrate judge further found that for purposes of this motion the plaintiffs have in fact met their burden of establishing that the members of the proposed class are the parties injured by the decision, policy or plan implemented by the defendants. It is the recommendation of the magistrate judge that this court permit the plaintiffs to proceed with class notice.

---

[1] The magistrate judge set forth the specific facts in his report and recommendation in each case. The court adopts these findings in their entirety for purposes of this motion and need not reiterate those facts in this order.

Defendants have filed objections to the report and recommendation. Defendants contend that the plaintiffs have not met their burden of presenting evidence that they are similarly situated pursuant to 28 U.S.C. § 216(b). Further, defendants disagree with the magistrate judge's finding that certification will not result in an unmanageable trial; disagree with the magistrate judge's determination that plaintiffs are granted leave to proceed with class notice; disagree with the magistrate judge's recommendation that defendants will produce, in electronic format, each class member's name and address within fourteen days of the order; disagree with the magistrate judge's recommendation that the plaintiffs are permitted to send the approved notice to each class member and the defendants must circulate the notice to class members who cannot be reached by mail.

The court has carefully reviewed the record, and in particular the objections of the defendants and the report and recommendation of the magistrate judge, as well as the relevant law. The court finds the decision of the magistrate judge is correct in all respects. Accordingly, the court will adopt the report and recommendation in its entirety. However, the court finds the defendants have made a valid point. There is insignificant guidance regarding how the defendants should circulate the notice to those class members who cannot be reached by mail. Accordingly, the court will order the plaintiffs to confer with defendants in this regard. If the parties cannot reach agreement, they may file a motion and request assistance from the magistrate judge. Likewise, the magistrate judge gave the defendants fourteen days to provide the plaintiffs with the names and addresses of each class member. The defendants argue they cannot comply with this time deadline. The court expects the defendants to attempt to comply with this time deadline. However, if the defendants after a good faith effort, are unable to complete this list within the

prescribed time limit, the defendants may motion the magistrate judge for an extension of time and explain the reasons why they are unable to so comply.

THEREFORE, IT IS ORDERED:

1. Defendants' objections, Filing No. 37 in 8:08CV90, and Filing No. 143 in 8:08CV99, are overruled; and

2. The reports and recommendations of the magistrate judge, Filing No. 36 in 8:08CV90 and Filing No. 142 in 8:08CV99, are adopted in their entirety.

DATED this 21st day of November, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge