# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FERMIN CORTEZ, et al., )<br>)<br>Plaintiffs, )<br>) <br>vs. )<br>)<br>NEBRASKA BEEF, INC. and, )<br>NEBRASKA BEEF, LTD., )<br>)<br>Defendants. )<br>_____ )<br>)<br>DAVID CHUOL, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NEBRASKA BEEF, LTD., )<br>)<br>Defendant. ) | 8:08CV90<br><br><br><br><br><br>ORDER<br><br><br><br>8:08CV99 |

This matter is before the court on the plaintiffs' Motion for Leave to File a Consolidated Class and Collective Action Complaint (Filing No. 64 in Case 8:08CV90; Filing No. 167 in Case 8:08CV99). The plaintiffs filed a brief (Filing No. 65 in Case 8:08CV90; Filing No. 168 in Case 8:08CV99) and an index of evidence (Filing No. 66 in Case 8:08CV90; Filing No. 169 in Case 8:08CV99) in support of the motion. The defendants filed brief (Filing No. 69 in Case 8:08CV90; Filing No. 172 in Case 8:08CV99) in opposition to the motion. The plaintiffs filed a brief (Filing No. 70 in Case 8:08CV90; Filing No. 173 in Case 8:08CV99)[1] in reply.

## BACKGROUND

The plaintiffs in the above-captioned consolidated cases are the defendants' current and former employees. The cases were filed as class actions alleging violations of the Fair

---

[1] Unless a notation is made to the contrary, all filing numbers below reference only documents from case number 8:08CV90.

Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-shift activities, or "donning and doffing," and other activities. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including for alleged failures to pay minimum wage and overtime compensation. The two complaints were filed days apart, on March 3, 2008, and March 5, 2008, respectively. **See** Filing No. 1[2] in case number 8:08CV90; Filing No. 1 in case number 8:08CV99. On June 12, 2008, the cases were consolidated for all purposes. **See** Filing No. 20. On November 21, 2008, the court granted the plaintiffs' motion for conditional class certification pursuant to the FLSA to allow notice for putative class members. **See** Filing No. 40. The plaintiffs have not sought or received class status under Fed. R. Civ. P. 23. On August 6, 2008, the court entered a progression order providing a deadline for the plaintiffs to move to amend the pleadings as "not later than 30 calendar days following the close of the Opt-in period." **See** Filing No. 24. The Opt-in period has not yet expired. On February 9, 2009, the court entered a progression order setting the lay-witness deposition deadline as August 31, 2009, and trial for January 19, 2010. **See** Filing No. 45.

On April 14, 2009, the plaintiffs filed the instant motion for leave to file an amended complaint. The plaintiffs seek to file a consolidated complaint to incorporate in one pleading the plaintiffs' claims, which were previously filed as two separate actions. Additionally, the plaintiffs seek to add additional facts obtained during depositions of the defendants in December 2008 and March 2009. Finally, the plaintiffs seek to add claims for breach of contract and unjust enrichment. The defendants oppose the plaintiffs' motion to the extent it seeks to add two additional claims. Specifically, the defendants argue the additional claims are untimely and materially alter the allegations from the complaint. Accordingly, the defendants contend the amendments are unduly prejudicial.

**ANALYSIS**

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue

---

[2]On May 28, 2008, the plaintiff's filed an amended complaint. **See** Filing No. 11.

delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

      The plaintiffs' motion to amend is within the deadline initially imposed by the court. **See** Filing No. 24. The plaintiffs contend the two new proposed causes of action are supported by the discovery already obtained, in particular during depositions taken in December 2008 and March 2009. Additionally, the plaintiffs argue the claims for breach of contract and unjust enrichment arise from the same transactions and occurrences as the other claims, and are based on the same operative facts. In particular, the plaintiffs allege the defendants made oral offers of employment to the class members including terms that the class members would be paid at a fixed hourly rate for all work performed, plus additional compensation for over-time work. The plaintiffs further allege the terms of the offers did not materially vary among class members. The plaintiffs accepted the terms, however the defendants breached the oral agreements by failing to pay the plaintiffs for all compensable work. Moreover, the defendants have an official policy to pay employees for all time worked. Similar to the plaintiffs' other claims, the plaintiffs assert they were not paid for all time worked because they were not paid for certain compensable work activities, such as donning and doffing equipment, because the employees are paid on a gang-time system, i.e., only for the time the production assembly line is operating. Accordingly, the plaintiffs contend the defendants' failure to pay results in violations of state and federal employment laws, as well as breaches of contract or unjust enrichment.

The defendants oppose the addition of the breach of contract and unjust enrichment claims by arguing the plaintiffs were not diligent in bringing the claims and such claims would materially change the nature of the suit, resulting in the defendants' prejudice. The defendants also argue the proposed claims result in individualized discovery and legal defenses. However, the plaintiffs provide good cause for the timing of the motion, which is timely under the progression order in any event. The discovery deadline is August 31, 2009, but the plaintiffs state they would agree to any reasonable extension if necessary. Additionally, the proposed amendment is based on allegations applicable to all potential plaintiffs, rather than individual differences. Although, the plaintiffs have not yet secured class treatment pursuant to Fed. R. Civ. P. 23, the discovery issues raised by the defendants will not bar the amendment at this time. Likewise, the court will not determine the merits of the plaintiffs' claims at this time. Under the circumstances present, the defendants have failed to meet their burden of showing prejudice precludes the plaintiffs' proposed amendments. The proposed amendments are timely, related to the current claims, and will not significantly delay the case or impose additional discovery requirements. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Leave to File a Consolidated Class and Collective Action Complaint (Filing No. 64 in Case 8:08CV90; Filing No. 167 in Case 8:08CV99) is granted.

2. The plaintiffs shall have to **on or before June 11, 2009**, to file the proposed Consolidated Class and Collective Action Complaint.

DATED this 29th of May, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge