THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, et al., | ) | 8:08CV90 |
| | ) | |
| Plaintiffs, | ) | |
| and | ) | |
| | ) | |
| DAVID CHUOL, et al., | ) | 8:08CV99 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEBRASKA BEEF, INC. and | ) | ORDER |
| NEBRASKA BEEF, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Extend Deadline for Putative Class Members to Join the Collective Action (Filing No. 88 in Case 8:08CV90; Filing No. 191 in Case 8:08CV99).  The plaintiffs filed a declaration (Filing No. 89 in Case 8:08CV90; Filing No. 192 in Case 8:08CV99) in support of the motion.  The defendants filed brief (Filing No. 94 in Case 8:08CV90; Filing No. 196 in Case 8:08CV99) in opposition to the motion.  The plaintiffs filed a brief (Filing No. 96 in Case 8:08CV90; Filing No. 198 in Case 8:08CV99)[1] in reply.

BACKGROUND

The plaintiffs in the above-captioned consolidated cases are the defendants' current and former employees.  The cases were filed as class actions alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-shift activities, or "donning and doffing," and other activities.  The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including for alleged failures to pay minimum wage and overtime compensation.  On June 3, 2009, the plaintiffs

---

[1]Unless a notation is made to the contrary, all filing numbers below reference only documents from case number 8:08CV90.

filed an amended and consolidated complaint.  **See** Filing No. 81.  The defendants have not yet filed an answer.

On November 21, 2008, the court granted the plaintiffs' motion for conditional class certification pursuant to the FLSA to allow notice for putative class members.  **See** Filing No. 40.  The plaintiffs have not sought or received class status under Fed. R. Civ. P. 23.  On February 2, 2009, the court approved the parties' stipulation regarding class notice, which included a June 9, 2009, deadline for putative class members to join the FLSA claims.  **See** Filing No. 41 (120 days from the date of mailing the notice to opt-in).  At that time, June 9, 2009, was also the deadline for filing a motion for class certification pursuant to Fed. R. Civ. P. 23 or a motion for summary judgment.  **See** Filing No. 45 ¶ 1.  However, on June 1, 2009, the court granted the parties an extension of those deadlines until July 31, 2009.  **See** Filing No. 79 (Text Order).  Trial of this case remains scheduled for January 19, 2010.  **See** Filing No. 45 ¶ 8.  Additionally, a telephone status conference is scheduled for July 10, 2009.  *Id.* ¶ 10.

On June 23, 2009, the plaintiffs filed the instant motion to extend the deadline to allow putative class members to join the FLSA claims.  **See** Filing No. 88.  The plaintiffs seek an extension from June 9, 2009, to July 31, 2009.  The court held a telephone conference with counsel for the parties on June 26, 2009, and scheduled expedited briefing.  The plaintiffs state they contacted putative class members during the process of preparing for class certification and learned several putative class members had not received notice of their right to opt-in.  The plaintiffs contend the failure was due to the notice packets being sent to old addresses.  The plaintiffs show 504 notice packets (14% of the putative class) were returned as undeliverable.  **See** Filing No. 89 - Donly Decl. ¶ 10.  Conversely, 416 (12%) opt-in consent forms have been received.  *Id.* ¶ 12.  The plaintiffs propose re-mailing notices to more current addresses and sending a reminder notice to others in an attempt to increase opt-in participation.  The plaintiffs argue the defendants will not suffer undue prejudice by this procedure, which would promote the goals of the FLSA.  The plaintiffs contend any putative class members who are not allowed to join this lawsuit may file a parallel lawsuit, thus wasting judicial resources.

The defendants contend the plaintiffs have failed to show good cause to extend the expired opt-in deadline. **See** Filing No. 94.  First, the defendants argue the plaintiffs fail to show how (or how many) updated addresses they have received for putative class members, who have not since had an opportunity to opt-in.  Second, the defendants contend the plaintiffs have failed to offer a solution for determining updated information.  Third, the defendants assert other forms of notice, such as posted and radio notices, were employed to provide notice in the event the mailing was not successful.  Finally, the defendants argue there is no justification to extend the deadline for putative class members who did receive the notice by mailing.  The defendants contend the extension would prejudice them by allowing otherwise barred claims.

The company providing administrative services for the opt-in process notes it originally received 907 undeliverable class notices, then promptly sent out 803 notices with updated addresses.  **See** Filing No. 89 - Donly Decl. ¶ 10.  As of the date of the declaration 403 of the updated notices had been returned as undeliverable, leaving a total of 504 as "truly undeliverable." *Id.*  The service company described its efforts at obtaining deliverable addresses. *Id.*

## ANALYSIS

The court finds the plaintiffs have shown good cause for the extension of time (out of time) to allow putative class members to opt-in to the FLSA claims.  **See** Fed. R. Civ. P. 6(b) (excusable neglect); Fed. R. Civ. P. 16(b) (good cause); Bradford v. DANA Corp., 249 F.3d 807, 809-10 (8th Cir. 2001); **see also** Thorn v. Blue Cross & Blue Shield of Fla., Inc., 192 F.R.D. 308, 309 (M.D. Fla. 2000).  The defendants will not suffer unfair prejudice by an extension of time.  The defendants failed to show any prejudice.  The plaintiffs' brief extension of time will not delay the resolution of the issues.  Although, it is unclear how the plaintiffs would find deliverable addresses for any of the truly undeliverable notices.  Similarly, it is unlikely a reminder mailer will generate opt-in responses in the time period requested.  It appears the plaintiffs actually seek additional time for known putative plaintiffs to finalize their consents.  Under the circumstances, the court finds good cause has been shown for the short extension of the opt-in deadline.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion to Extend Deadline for Putative Class Members to Join the Collective Action (Filing No. 88 in Case 8:08CV90; Filing No. 191 in Case 8:08CV99) is granted.

2. All class members shall have to **on or before July 31, 2009**, to opt-in to the lawsuit.

3. In light of the other extensions of time, the telephone status conference with the undersigned magistrate judge is continued from July 10, 2009, to **August 10, 2009, at 10:00 a.m.** Central Daylight Time.  Counsel for each party shall participate and plaintiffs' counsel shall initiate the telephone conference call.

DATED this 2nd of July, 2009.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge