THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FERMIN CORTEZ, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NEBRASKA BEEF, INC. and, ) <br> NEBRASKA BEEF, LTD., ) <br> ) <br> Defendants. ) | CASE NO. 8:08-CV00090 |
| DAVID CHUOL, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NEBRASKA BEEF, LTD., ) <br> ) <br> Defendant. ) | CASE NO. 8:08-CV00099 |

## BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION THAT COST OF MAILING THE POSTCARD NOTICE BE PAID ENTIRELY BY DEFENDANT

### INTRODUCTION

Nebraska Beef submits this brief in opposition to plaintiffs' motion (Filing No. 278) to assess the cost of sending out notice of the trial date to the class members. Plaintiffs fail to identify any legitimate reason for imposing the cost of notice to the members of the class. Thus, this motion should be denied.

### ARGUMENT

When parties to class actions such as this case are truly adversarial the general rule is that a plaintiff must initially bear the cost of notice to the class. *Eisen v. Carlisle & Jacquelin*, 417

U.S. 156, 178 (U.S. 1974). Plaintiffs provide little reason for departing from this general rule. As the *Eisen* court points out, "[w]here, as here, the relationship between the parties is truly adversary the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit." *Id.* at 179, see also, *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (U.S. 1978) ("Although we do not attempt to catalogue the instances in which a district court might be justified in placing the expense on the defendant, we caution that courts must not stray too far from the principle underlying *Eisen IV* that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action."), *Carpenters Dist. Council v. Dillards Dep't Stores, Inc.*, 1990 U.S. Dist. LEXIS 8217 (E.D. La. June 28, 1990). Clearly the continuance of a trial date is a common reality in litigation and does not warrant shifting the burden of this notice to defendants.

While *Eisen* focused its decision on the initial class notice other courts have also addressed subsequent notices following a determination of liability. *See, Hartman v. Wick*, 678 F. Supp. 312, 328-29 (D.D.C. 1988) ("As the Court has already found defendant liable, defendant must bear the full expense of this notification task."); *Catlett*, 589 F. Supp. at 951 ("cost allocation [to the defendant] is proper once the defendant's liability has been established"); *Six Mexican Workers*, 641 F. Supp. at 264 (same); *Meadows v. Ford Motor Co.*, 62 F.R.D. 98, 101 (W.D. Ky. 1973) (same). Here there has been no determination of liability. Therefore, the cost shifting principals of these cases are unavailing.

Though not having specifically stated so, Plaintiffs essentially are seeking to impose a discovery sanction on Defendants for the production of newly discovered documents in the weeks leading up to the January 31, 2011, trial date. A sanction is unwarranted. Defendants have produced and made available for inspection and copying literally hundreds of thousands of

pages of documents. The sole reason for Plaintiffs' request for shifting the cost of notifying the class of the trial date is the discovery and production of approximately 3,000 pages of documents prior to the January 31, 2011, trial date.

Other than the timing of the discovery and production of the documents there is no showing that defendants' conduct is worthy of any sanctions. When defendants discovered documents to produce they, through counsel, immediately brought the matter to the attention of Plaintiffs' counsel. They also immediately offered to make witnesses available for deposition if Plaintiffs' counsel believed it was necessary.[1]

Upon a full review of the newly discovered documents, Defendants believe the documents produced are favorable their position. Thus, there would be no nefarious motive for a failure to produce these documents which ultimately, Defendants believe, support their position. Plaintiffs have paid for all other notices to the class and should bear the burden of doing so here. There will be no harm in plaintiffs doing so. If plaintiffs are successful in proving their claims they will no doubt ask the Court to award them the costs associated with all of the notices sent to date. If plaintiffs are not successful then they should appropriately bear the costs associated with maintaining this suit as a class action.

## CONCLUSION

Defendants have no objection to plaintiffs sending out notice to the class in the form they request. Defendants respectfully request, however, that the Court decline plaintiffs' request to assess the costs of doing so to them.

DATED this 3rd day of March, 2011.

---

[1] Those depositions are now scheduled to take place March 15th and 16th.

        NEBRASKA BEEF, INC., and NEBRASKA
        BEEF, LTD., Defendants,

By:    /s/ Brian J. Brislen
       William M. Lamson, Jr., #12374
       William R. Settles, #19879
       Brian J. Brislen, #22226
       LAMSON, DUGAN and MURRAY, LLP
       10306 Regency Parkway Drive
       Omaha, NE 68114-3743
       Telephone: (402) 397-7300
       Telefax: (402) 397-7824
       wml@ldmlaw.com
       wrs@ldmlaw.com
       bjb@ldmlaw.com
       *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2011, I served the foregoing Brief in Opposition to Plaintiffs Motion That Costs of Mailing the Postcard Notice be Paid by Defendants on the following individuals listed below via the electronic filing system:

Brian P. McCafferty - cafstar@aol.com
KENNEY, MCCAFFERTY LAW FIRM
3031C Walton Road
Suite 202
Plymouth Meeting, PA 19462
-and-
Michael Hamilton - mhamilton@provostumphrey.com
PROVOST, UMPHREY LAW FIRM - NASHVILLE
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
-and-
Russell D. Henkin - rhenkin@bm.net
Shanon J. Carson - scarson@bm.net
Ellen T. Noteware - enoteware@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
-and-
Todd Schneider - tschneider@schneiderwallace.com
Carolyn H. Cottrell - ccottrell@schneiderwallace.com
SCHNEIDER WALLACE LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
-and-
Philip A. Downey - downeyjustice@gmail.com
P.O. Box 736
Unionville, PA 19375
-and-
Christopher P. Welsh - cwelsh@welsh-law.com
James R. Welsh - jwelsh@welsh-law.com
WELSH & WELSH, P.C., L.L.O.
9290 West Dodge Road, Suite 100 The Mark
Omaha, NE 68114
*ATTORNEYS FOR PLAINTIFFS*

/s/ Brian J. Brislen

#492690