IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FERMIN CORTEZ**, *et al.*, | ) | **8:08CV90** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DAVID CHUOL**, *et al.*, | ) | **8:08CV99** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **PLAINTIFFS' MOTION TO LIMIT** |
| vs. | ) | **JEFFREY E. FERNANDEZ, PhD'S** |
| | ) | **TESTIMONY AT TRIAL TO** |
| **NEBRASKA BEEF, LTD.** and | ) | **RELEVANT ISSUES** |
| **NEBRASKA BEEF, INC.**, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs and the Class, through their undersigned attorneys, respectfully submit this Motion to Limit Jeffrey E. Fernandez, PhD's Testimony at Trial to Relevant Issues. In support thereof, Plaintiffs rely upon the accompanying memorandum of law, index of exhibits and proposed orders.

Jeffrey E. Fernandez, PhD ("Fernandez") is Defendants' proposed time study expert witness. In this case, Fernandez conducted several plant inspections at Defendants' meat-processing facility, and took certain measurements concerning how long some activities took to perform. To be clear, while Plaintiffs do not agree with them, this motion does not address Fernandez's opinions concerning those time measurements, and is not intended to prevent Fernandez from testifying at trial about those specific measurements, provided he explains to the jury what he measured.

Pursuant to Fed. R. Evid. 104(b), 401, 402, 403 and 702, however, Plaintiffs do move to limit at trial:

1. Fernandez's testimony based upon his February 14, 2011 report that Defendants gave "allowances" for donning and doffing activities during paid time, because it is irrelevant and unreliable, and therefore inadmissible, under *Daubert* and *Kumho Tire*. Moreover, this testimony is inadmissible under Fed. R. Evid. 104(b) and 403 because it is: a) unsupported and b) fails to address the salient issue of whether Plaintiffs worked off-the-clock, which Fernandez admits he failed to analyze altogether;

2. Fernandez's testimony based upon his February 14, 2011 report concerning the "total time" it takes to perform any set of donning and doffing and related activities. This testimony is inadmissible under *Daubert* and *Kumho Tire* because it is based on a flawed methodology that intentionally omits critical information and is inadmissible under Fed. R. Evid. 403 because it would highly mislead the jury;

3. Fernandez's testimony based on information provided to him by "counsel and company" that does not result from independently conducted inspection or testing, including his opinions concerning "total allowances." This testimony is unreliable, unsupported, and constitutes mere speculation, and, therefore, is inadmissible under *Daubert* and *Kumho Tire*, as well as Fed. R. Evid. 104(b) and 403;

4. Fernandez's testimony based on Standard Sanitation Operating Procedure ("SSOP") documents, because it is irrelevant and unreliable, and is consequently inadmissible under *Daubert* and *Kumho Tire*, as well as Fed. R. Evid. 403; and

5. Fernandez's testimony based on late-produced documents and Fernandez's plant inspection that took place on February 2-3, 2011 without notice to Plaintiffs and after the close of discovery in this case, because it is untimely and prejudicial to Plaintiffs.

With respect to this last issue, Plaintiffs and the Class alternatively request the opportunity to have their own expert conduct a supplemental two-day plant inspection (as Fernandez did), so that the parties are on equal footing.

Plaintiffs respectfully request that the Court enter an Order setting an abbreviated briefing schedule on this motion and hear oral argument concerning this motion at the final pretrial conference scheduled for April 11, 2011 at 9:00am.

Plaintiffs do <u>not</u> request a continuance of the May 2, 2011 trial date.

Based upon the reasons set forth in the accompanying memorandum of law and supporting exhibits, Plaintiffs and the Class respectfully request that the Court grant this Motion and approve the accompanying proposed orders.

Dated: March 29, 2011                    Respectfully submitted,

  s/ Shanon J. Carson
Shanon J. Carson
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net

Todd M. Schneider
Carolyn H. Cottrell
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com

Philip A. Downey, Esq.
The Downey Law Firm, LLC
P.O. Box 1021
Unionville, PA 19375
P: 610-324-2848
F: 610-813-4579.
downeyjustice@gmail.com

Christopher P. Welsh (State Bar No. 22279)
WELSH & WELSH, P.C., L.L.O.
9290 W Dodge Rd, Suite 100, The Mark
Omaha, NE 68114
Phone: 402-215-0619
Fax: (402) 384-8211
cwelsh@welsh-law.com

Attorneys for Plaintiffs and the Class

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

> William M. Lamson, Jr., #12374
> William R. Settles, #19879
> Brian J. Brislen, #22226
> LAMSON, DUGAN and MURRAY, LLP
> 10306 Regency Parkway Drive
> Omaha, NE 68114-3743
> Telephone: (402) 397-7300
> Telefax: (402) 397-7824
> wml@ldmlaw.com
> wrs@ldmlaw.com
> bjb@ldmlaw.com

                                           /s/ Shanon J. Carson
                                           Shanon J. Carson
                                           BERGER & MONTAGUE, P.C.
                                           1622 Locust Street
                                           Philadelphia, Pennsylvania 19103
                                           Tel: (215) 875-4656
                                           Fax: (215) 875-4604
                                           scarson@bm.net