1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW

SHANON J. CARSON

WRITER'S DIRECT DIAL | 215/875-4656
WRITER'S DIRECT FAX | 215/875-4604
WRITER'S DIRECT E-MAIL | scarson@bm.net

April 15, 2011

**VIA U.S. MAIL AND ELECTRNIC MAIL**

Chief Judge Joseph F. Bataillon
111 South 18th Plaza
Suite 3259
Omaha, NE 68102

      **Re:**    *Cortez and Chuol, et al. v. Nebraska Beef, Ltd., et al.*
               **Civil Action Nos. 8:08CV90; 8:08CV99**

Dear Judge Bataillon:

      Pursuant to your instructions during the pretrial conference held in the above-referenced matter on April 11, 2011, Plaintiffs write concerning Defendants' proposed jury instruction stating that "the donning and doffing of non-unique protective gear (such as hard hats, ear plugs, hair nets, and boots) are noncompensable preliminary and postliminary activities that do not start the continuous workday or extend the end of the continuous workday." Plaintiffs respectfully assert that Defendants' statement of the law is incorrect, that the Eighth Circuit has never addressed this issue, and that the U.S. Department of Labor ("DOL") and district courts in the Eighth Circuit have squarely rejected Defendants' position. Consequently, this statement should not be added to the preliminary or final set of jury instructions.

      First, from a factual standpoint, Plaintiffs submit that in this case, distinguishing between unique and non-unique items of PPE would unnecessarily confuse the jury, including with respect to the de minimis issue which the Court raised. This is especially true because the facts presented at trial will show that both unique and non-unique items (as those terms are defined by Defendants) are obtained and donned near or at ***the same time*** in the Nebraska Beef facility. In addition, the anticipated jury confusion is unnecessary because the law (including as interpreted by the DOL) does not support such a distinction under the circumstances presented here.

      As the Court is aware, under the Portal-to-Portal Act, time employees spend in "preliminary" and "postliminary" activities before and after the workday, for example, "walking, riding or traveling to the actual place of performance of the principal activity," need not be compensated. 29 U.S.C. § 254. In a unanimous decision, however, the U.S. Supreme Court

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

Chief Judge Joseph F. Bataillon
April 15, 2011
Page 2

ruled that walking and waiting time may be compensable under the FLSA. In the consolidated cases of *Tum v. Barber Foods* and *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) ("*Alverez*"), the Supreme Court held that the time employees spend walking to their workstations after their first compensable act (*i.e.*, their first principal work activity) is part of their "continuous work day" and the walking time is compensable time under the FLSA.

The Supreme Court based its ruling on the text of the FLSA, the DOL regulations and existing precedent. Employers are generally required to compensate employees for all time spent performing "work," but the 1947 Portal-to-Portal Act amended the FLSA to carve out certain walking, riding, and travel time, as well as other activities before and after ("preliminary and postliminary") the employee's "principal activity." Acts that are "integral and indispensable" to an employee's work are not excluded under the Portal-to-Portal Act because they are part of the "principal activity" itself. Further, the DOL regulations have long supported the "continuous workday rule," which defines the workday as that period of time between commencement and completion of an employee's "principal activity." 29 C.F.R. § 790.6(b) (2005).

In *Alvarez*, the Supreme Court held that donning and doffing of protective gear was an "integral and indispensable" part of the "principal activity" such that the Portal-to-Portal Act did not apply. As in this case, the meat packers in *Alvarez* were required to wear extensive outer garments and protective gear stored in company locker rooms. According to the Court, the employees' workday **began in the locker room when they put on the gear**. Relying on the "continuous workday" rule, the Court also held that the time spent walking between the locker room and the production floor when an employee was in protective gear at the start and end of a shift was also covered under the FLSA.

On May 31, 2006, the DOL Wage and Hour Division issued the Advisory Memorandum attached as Exhibit 1 setting forth the DOL's position on two issues that were not squarely decided by the Supreme Court in *Alvarez*. Contrary to the prior position taken by the Ninth Circuit in *Alverez*, the DOL stated in the May 31, 2006 Advisory Memorandum **that there is no distinction between the donning and doffing of unique and non-unique safety equipment** and all such time should be treated as compensable as long as it is not de minimis.

Specifically, the DOL Advisory Memorandum provides, in pertinent part:

> The Ninth Circuit in *Alvarez*, 339 F.3d 894, 903904 (9th Cir. 2003) indicated that the "specific tasks" of donning and doffing "non-unique" gear, such as hardhats and safety goggles (as opposed to "unique" equipment), while integral and indispensable to the employees' principal activities, were not compensable because they were "de minimis as a matter of law." *As the government's Supreme Court amicus brief in Alvarez states, the Ninth Circuit erred in its application of the de minimis rule. The de minimis rule applies to the aggregate*

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

Chief Judge Joseph F. Bataillon
April 15, 2011
Page 3

> *amount of time for which an employee seeks compensation, not separately to each discrete activity, and particularly not to certain activities "as a matter of law." The Supreme Court's continuous workday rationale renders the Ninth Circuit's "de minimis as a matter of law" discussion untenable.*

May 31, 2006 DOL Advisory Memorandum at p. 3 (emphasis added).

The second issue addressed in the May 31, 2006 DOL Advisory Memorandum concerns the de minimis doctrine. DOL concludes:

> *Alverez* thus clearly stands for the proposition that where the **aggregate time** spent donning, walking, waiting and doffing exceeds the de minimis standard, it is compensable. Any other conclusion would be inconsistent with the continuous workday rule.

May 31, 2006 DOL Advisory Memorandum at p. 4 (emphasis added).

Since the Ninth Circuit's *Alvarez* decision and the subsequent Supreme Court opinion in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005), a number of federal courts have considered the issues presented by the continuous workday doctrine and its applicability to items of equipment identical to those at issue here. *See, e.g., Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790 (M.D. Tenn. 2008) (concluding that donning and doffing a frock was integral and indispensable to meat processing activities and sufficient to start and stop the continuous workday).

For example, in *De Asencio v. Tyson Foods, Inc.*, the Third Circuit stated that the time spent engaged in post-donning/pre-doffing walk time must be aggregated with the donning and doffing of equipment when considering whether the uncompensated time is *de minimis*. *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 374 (3d Cir. 2007). The items of PPE that most employees wore in *De Asencio* (a poultry plant rather than a beef plant, thus necessitating less PPE than in a beef plant), were a smock, hairnet, beard net (where applicable), earplugs and safety glasses. *Id.* at 364. Additional items worn by certain employees included a dust mask, plastic apron, soft plastic sleeves, cotton glove liners, rubber gloves, a mesh metal glove, and rubber boots. *Id.*

Importantly, the Third Circuit did not recognize any distinction between unique and non-unique items, and significantly, such a distinction did not comport with the Third Circuit's conclusion that all uncompensated "work" time **must be aggregated before considering whether the time is noncompensable as de minimis**. Thus, since donning and doffing all items of PPE at issue were determined to be "work" as a matter of law, no distinction between unique and non-unique was necessary.

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

Chief Judge Joseph F. Bataillon
April 15, 2011
Page 4

The only situation where the distinction between unique and non-unique PPE is relevant occurs where the *only* items an employee wears are non-unique items. Even then, courts must engage in an analysis of how long those non-unique items, in the aggregate, require to don and doff. The emphasis is on how long items take to don and doff, not whether they are "unique" to the job.

During the pretrial conference on April 11, 2011, the Court also inquired whether there is Eighth Circuit law on this issue. Plaintiffs have researched this issue and the Eighth Circuit Court of Appeals has not ruled on the issue of unique versus non-unique gear. In addition, in arguing for a jury instruction that the donning of non-unique protective gear is a non-compensable activity that does not start the workday, Defendants cite no Eighth Circuit case law (including district courts). In fact, the district courts in the Eighth Circuit who have touched on this issue are generally consistent with the principles stated above. *See, e.g., Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2009 WL 5066759, at *12 (E.D. Ark. Dec. 15, 2009). In *Hermert*, the court held:

> [T]he fact that such equipment is well-suited to many work environments does not make it any less integral or indispensable to these particular workers than more specialized gear. The Court will not hold as a matter of law that donning and doffing is not integral and indispensable to the principal activity of processing turkeys simply because the items donned and doffed are not unique.

*Id.* (citation omitted).

Based upon the above reasons, the DOL's advisory position, and the facts in this case, Plaintiffs respectfully request the Court to reconsider its decision concerning the preliminary jury instruction requested by Defendants concerning non-unique PPE. Alternatively, the Court should reserve this decision until after it hears the facts presented at trial, in which witnesses will testify that they obtained and donned unique and non-unique PPE at the same time. The Court can then decide whether to give the jury instruction as part of its final jury instructions.

Alternatively, should the Court be inclined to grant Defendants' request, even though Defendants' position has been rejected by the DOL and many federal courts, including district courts in this Circuit, Plaintiffs respectfully request that all items except a hardhat and goggles be omitted from the definition of "non-unique" equipment. The Ninth Circuit in *Alvarez* (in the decision that the DOL repudiated in its Advisory Memorandum) only referred to hardhats and safety goggles as non-unique items. The court in *Jordan v. IBP, Inc.* likewise found that other items such as frocks are not non-unique.



Chief Judge Joseph F. Bataillon
April 15, 2011
Page 5

Respectfully,

Shanon J. Carson

SJC/mp
Enclosure

cc:   All counsel

# Exhibit 1



**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

May 31, 2006

WAGE AND HOUR ADVISORY MEMORANDUM NO. 2006-2

MEMORANDUM FOR REGIONAL ADMINISTRATORS
              DISTRICT DIRECTORS

FROM:         ALFRED B. ROBINSON, JR.
              Acting Administrator

SUBJECT:      IBP v. Alvarez, 126 S.Ct. 514 (2005)

This memorandum advises staff of the state of the law after the Supreme Court's decision in IBP v. Alvarez, 126 S.Ct. 514 (2005) (together with Barber Foods v. Tum).

The Supreme Court's Decision

The Supreme Court's unanimous decision in Alvarez holds that employees who work in meat and poultry processing plants must be paid for the time they spend walking between the place where they put on and take off protective equipment and the place where they process the meat or poultry. The Court determined that donning and doffing gear [1] is a "principal activity" under the Portal to Portal Act, 29 U.S.C. 254, and thus time spent in those activities, as well as any walking and waiting time that occurs after the employee engages in his first principal activity and before he finishes his last principal activity, is part of a "continuous workday" and is compensable under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 et seq. The Court also held that waiting time before the first principal activity is not compensable, unless the employees are required to report to work at a specific time.

---

[1] Although the Supreme Court did not define "donning and doffing," the First Circuit held that donning includes the obtaining of equipment. Tum v. Barber Foods, 331 F.3d 1, 9 (1st Cir. 2004). That finding is consistent with the Department's long held view.

The First Circuit's ruling is buttressed by the Court's ruling in IBP v. Alvarez that waiting to obtain required gear is not compensable because "unlike the donning of certain types of protective gear which is *always* essential if the worker is to do his job, the waiting may or may not be necessary in particular situations or for every employee" (emphasis in original). Since, like donning, obtaining the gear (as opposed to waiting to obtain the gear) "is always essential if the worker is to do his job," the compensable day starts once the employee has obtained the gear required to be stored on the premises by taking an item out of a bin, a locker or another designated storage area.

Page 1 of 4

The Meaning of "Work"

In order to reach this result, the Supreme Court reviewed and reaffirmed its historic definition of "work" under the FLSA.  The Court stated that it has defined the terms "work" and "workweek" "broadly."  It explained that although it had initially defined "work," in Tennessee Coal, Iron & R.Co. v. Muscoda Local No 123, 321 U.S. 590 (1944), as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business," it soon clarified, in Armour & Co. v. Wantock, 323 U.S. 126 (1944), that "exertion" was not necessary for an activity to constitute "work."  Two years later, in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), the Court noted that it defined "the statutory workweek" to "include all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." The Court in Alvarez then emphasized that, other than its express exceptions for travel to and from an employee's principal activity and for other preliminary or postliminary activities, the Portal-to-Portal Act does not change the conception of "work" or define the workday.

Therefore, the time, no matter how minimal, that an employee is required to spend putting on and taking off gear on the employer's premises is compensable "work" under the FLSA.

The Portal-to-Portal Act

As noted above, the Supreme Court's central holding in Alvarez is that time spent after the beginning of the first principal activity, including time spent walking, is not affected by section 4(a) of the Portal-to-Portal Act, 29 U.S.C. 254(a), and is therefore compensable.  In upholding the "continuous workday" principle incorporated in DOL regulations, the Court stated:

> [D]uring a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded from the scope of the [Portal Act], and as a result is covered by the FLSA.

The Court therefore reversed that part of the First Circuit's decision in Tum v. Barber Foods, 331 F.3d 1, 4-5 (2003), which held that walking time which took place after the first principal activity was excluded from compensation under the Portal Act.

Similarly, in fashioning its holding, the Court rejected the argument that an activity that is integral and indispensable to a principal activity may not start the workday.  The Court noted that in Steiner v. Mitchell, 350 U.S. 247 (1956), it "made clear" that activities that are integral and indispensable to principal activities are themselves principal activities that start the workday.  As stated by the Court,

> [W]e hold that any activity that is 'integral and indispensable to a principal activity' is itself a 'principal activity' under section 4(a) of the Portal-to-Portal Act.

Donning and Doffing of "Nonunique" Gear in Processing Plants

The Supreme Court in Alvarez did not rule directly on the compensability of donning and doffing of "nonunique" gear such as hairnets, goggles, hardhats and smocks, because it was conceded or the courts below held that donning and doffing of the gear at issue in these cases was a principal activity. The Court, however, framed the issue to be decided as involving walking time after the donning of required gear "that the courts below found integral and indispensable to the employees' work." In Steiner, the Court held that changing into and out of old work clothes at a battery plant was an integral and indispensable part of the workers' principal activities, and therefore compensable. And the regulation at 29 C.F.R. 790.8 n.65 provides that any clothes changing on the employer's premises, which is required by law, the employer, or the nature of the work is compensable.[2] The Court in Alvarez ruled that the principles enunciated in Steiner were applicable to the cases before it, and endorsed the Secretary's regulations. Accordingly, whether required gear is "unique" or "non-unique" is irrelevant to whether donning and doffing is a principal activity.

The Ninth Circuit in Alvarez, 339 F.3d 894, 903-904 (9th Cir. 2003) indicated that the "specific tasks" of donning and doffing "non-unique" gear, such as hardhats and safety goggles (as opposed to "unique" equipment), while integral and indispensable to the employees' principal activities, were not compensable because they were "de minimis as a matter of law." As the government's Supreme Court amicus brief in Alvarez states, the Ninth Circuit erred in its application of the de minimis rule. The de minimis rule applies to the aggregate amount of time for which an employee seeks compensation, not separately to each discrete activity, and particularly not to certain activities "as a matter of law." The Supreme Court's continuous workday rationale renders the Ninth Circuit's "de minimis as a matter of law" discussion untenable.

However, donning and doffing of required gear is within the continuous workday only when the employer or the nature of the job mandates that it take place on the employer's premises. It is our longstanding position that if employees have the option and the ability to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the plant. See FOH section 31b13 (dressing at home is not compensable).

De Minimis Activities

The Supreme Court also did not rule directly on the scope and meaning of de minimis activities, or on the effect of de minimis activities on the compensability of donning, doffing, walking and waiting time. It is important to note, however, that the "required protective gear" at issue in Tum included, and for some employees was limited to, lab coats, hairnets, earplugs and safety glasses.[3] The jury in Tum found that the donning and doffing of this gear, taken alone, was de minimis. The First Circuit ruled

---

[2] On the other hand, gear used only to keep employees' personal clothing from getting soiled is not "required by the nature of the work."
[3] The Supreme Court noted that the parties in Tum had "stipulated that four categories of workers – rotating, set-up, meatroom, and shipping and receiving associates – were required to don [and doff] protective gear." The rotating associates were required to wear lab coats, hairnets, earplugs and safety glasses. Tum v. Barber Foods, 331 F.3d at 3.

Page 3 of 4

that the post-donning and pre-doffing waiting and walking was preliminary and therefore did not need to be considered in addition to the donning and doffing time. The Supreme Court reversed and remanded to the First Circuit for further proceedings, concluding that "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded" from the Portal Act and thus is compensable.

Alvarez thus clearly stands for the proposition that where the aggregate time spent donning, walking, waiting and doffing exceeds the de minimis standard, it is compensable. Any other conclusion would be inconsistent with the continuous workday rule. It would also appear to render the Supreme Court's holding in Tum an advisory opinion, and leave the Court's remand of the case to the First Circuit devoid of any apparent purpose.