IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, on behalf of themselves and all other similarly situated individuals, et al., | ) ) ) | 8:08CV90 |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | |
| | ) | |
| NEBRASKA BEEF, INC.,  and NEBRASKA BEEF, LTD., | ) ) | |
| | ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| AVID CHUOL, on behalf of himself and all other similarly situated individuals, | ) ) | |
| | ) | 8:08CV99 |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | ORDER |
| | ) | |
| NEBRASKA BEEF, Ltd., | ) ) | |
| | ) | |
| Defendant. | ) ) | |
| | ) | |

        This matter is before the court after a telephonic hearing on July 7, 2011.  Plaintiffs

made an oral motion for an extension of time to respond to the defendants' motions for

reconsideration and consolidation and to reply to the defendants' opposition to the

plaintiffs' motion for sanctions.  The plaintiffs also sought leave to conduct discovery with

respect to 17 declarations filed in connection with the defendants' motions.  Defendants

opposed the motion with respect to discovery, but had no objection to an extension of time.

 The court denies the motion to reopen discovery at this time, but did grant an extension

of time to July 29, 2011, for the plaintiffs to respond to the defendants' motion.   The defendants will be granted one week thereafter to reply.

Plaintiffs also raised the issue of document production.   Defendants agreed to produce what have been referred to as the "May documents" by July 13, 2011, and plaintiffs agreed to submit any other requests for production to the defendants in writing by July 11, 2011.

These issues arise in conjunction with defendants' motion for reconsideration of the court's ostensible "referral" of certain matters to the United States Attorney for the district of Nebraska.   By way of clarification, this court made no formal "referral" to the U.S. Attorney.   It merely alerted the U.S. Attorney's office of concerns the court had regarding incidents at the trial that the court then perceived to be conduct that could implicate certain witnesses' rights and/or exposure to criminal sanctions.   The court neither recommended that the U. S. Attorney take any action nor found or suggested that criminal or unethical conduct had occurred.   It merely provided a transcript of the proceedings to the U.S. Attorney.   The court is neither inclined nor able to "reconsider" its actions.   The public record is the public record.   The U.S. Attorney's office is privy to the public record without regard to this court's actions.   Former defense counsel agreed at the time that events as they unfolded necessitated a mistrial and the discrepancies or anomalies with respect to testimony and documents suggested that it was prudent for counsel to withdraw.   If, on further analysis, defendants' former counsel believes that is no longer the case, counsel is free to reenter an appearance.   That issue should be resolved between counsel and client. At present, the court does not mean to imply that allegations of attorney misconduct creating an actual conflict of interest are proven or true.   The issue at present with respect

2

to sanctions relates more to discovery abuses than to alleged fabrication of evidence. Accordingly,

IT IS HEREBY ORDERED that:

1. The plaintiffs' oral motion for an extension of time is granted.

2. The plaintiffs' oral motion to conduct discovery is denied at this time without prejudice to reassertion.

3. The plaintiffs' response to defendants' motions to consolidate and reconsider and to reply to defendants' opposition to their motion for sanctions was midnight C.D.T. on July 29, 2011.

4. The defendants' reply thereto is on or before August 8, 2011.

5. The hearing previously set for July 18, 2011, is canceled.

6. The defendants were to produce the documents known as "May documents" on or before July 13, 2011.

7. The court will rule upon the plaintiffs' request for documents to the defendants in due course.

DATED this 2nd day of August, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge