IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, on behalf of themselves and all other similarly situated individuals, et al., | ) ) ) | 8:08CV90 |
| | ) ) | |
| Plaintiffs, | ) ) | |
| | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| | ) ) | |
| NEBRASKA BEEF, INC., and NEBRASKA BEEF, LTD., | ) ) | |
| | ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| DAVID CHUOL, on behalf of himself and all other similarly situated individuals, | ) ) ) | 8:08CV99 |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| | ) ) | |
| NEBRASKA BEEF, Ltd., | ) ) | |
| | ) ) | |
| Defendant. | ) | |

This matter is before the court on the parties' joint motion for settlement approval, Filing No. 381 in 8:08CV90 and Filing No. 496 in 8:08CV99.

Under Fed. R. Civ. P. 23(e), judicial approval of any compromise of claims brought in a class–wide basis requires a two-step process by which the court first determines whether a proposed class action settlement warrants preliminary approval and then, after notice of the settlement is given to class members, whether final approval is justified.  *See* Manual of Complex Litigation (Fourth) § 30.41.  In considering preliminary approval, the court makes a preliminary evaluation of the fairness of the settlement.  *Id.*, § 21.632 (2010);

*see also* Fed. R. Civ. P. 23(e).  The purpose of the court's preliminary evaluation of the proposed settlement is simply to determine whether it is within the "range of reasonableness" and whether notice to the class of the terms and conditions of the proposed settlement and concomitant  formal fairness hearing are worthwhile.  Manual of Complex Litigation (Fourth) § 21.63.  After an agreement is preliminarily approved, the second step of the process ensues:  notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval.  *Id.*

In determining whether to preliminarily approve a class settlement, a district court is required to consider four factors to assess whether a proposed settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  *In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 931 (8th Cir. 2005).  A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion."  *Id.* at 934.  The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved.  *See DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1178 (8th Cir. 1995).  Further, a court may consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits.  *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship,* 100 F.3d 1041, 1043 (1st Cir. 1996).

The court has reviewed the proposed settlement agreement, Filing No. 383, Index of Evid., Exhibit ("Ex.") 1, Settlement Agreement  (Doc # 383-3, Page ID ## 6389-6413) in

2

8:08CV90, and Filing No. 498 in 8:08CV99.  The settlement provides for a payment of $3,900,000.00 by Nebraska Beef as the Gross Settlement Amount and further provides that no portion of the Gross Settlement Amount will revert to Nebraska Beef.  *Id.* at 3, 12, 14, 17.  The plaintiffs agree to dismiss *Cortez, et al., v. Nebraska Beef*, *et al.*, Case No. 8:08-cv-0090; *Chuol, et al., v. Nebraska Beef*, Case No. 8:08-cv-0099; and *Gully, et al., v. Bell, et al.*, Case No. 8:10-cv-003083 and to release of all claims under the Fair Labor Standards Act upon payment of the settlement.  *Id.* at 2, 4, 7, 13.  Further, the Settlement Agreement sets aside $75,000.00 for the costs of settlement administration; a $5,000.00 service payment to each named plaintiff who gave a deposition in this case and a $2,500.00 service payment to each class member who gave a deposition in this case; and $100,000.00 for the payment of late claims and unanticipated expenses.  *Id.* at 14-15.

The Settlement Agreement permits Class Counsel to seek a fee award of up to forty percent (40%) of the Gross Settlement Amount, plus costs.  *Id.* at 14.  Plaintiffs state that class counsel will request attorneys' fees of one-third (1/3) of the Gross Settlement Amount, or $1,299,999.80, plus reimbursement of their out-of-pocket expenses which are currently approximately $580,000.92 , in a separate motion under Fed. R. Civ. P. 23(h).  *Id.*, Ex. A, Declaration of Carolyn H. Cottrell ("Cottrell Decl.") at 9.  The parties have agreed that Rust Consulting will serve as the administrator of the Settlement, and have agreed to a schedule and procedure for providing notice to class members.  *Id.*, Settlement Agreement at 2, 8-10; Filing No. 381 in 8:08CV90, Joint Motion at 2, and Filing No. 496 in 8:08CV99.

Plaintiffs have shown that counsel for the parties have mediated this dispute and have negotiated the terms of a proposed settlement.  *Id.*, Cottrell Decl. at 6.  Further, they

3

have shown that the proposed settlement is the result of protracted, arm's-length negotiations based on a comprehensive investigation of the facts and law, including extensive discovery. *Id.* at 5-7. Plaintiffs have also shown that the proposed settlement is in the best interests of the class, based on the claims and defenses in this action, the action's procedural posture, the risk of an adverse or partially adverse result and the anticipated time and expense of trial. *See id.* at 7.

In addition, plaintiffs have shown that the amount of attorneys' fees sought is substantially less than class counsel's estimated lodestar. *Id.* Plaintiffs have also shown that named plaintiffs David Chuol, Fermin Cortez, Isaac Valencia, Lorenzo Jimenez, Terry Johnson, and George Gully have approved the settlement, but, despite class counsel's best efforts, named plaintiffs Javier Moreno Lopez, Gregory Garcia, Santos Perez, and Jorge Contreras cannot be located.[1] *Id.* Further, plaintiffs have shown that named plaintiffs and class members who gave depositions advanced the interests of the class and service awards to those individuals are justified. *Id.* With respect to the defendant's financial condition, plaintiffs have shown that Nebraska Beef has the ability to fund the settlement in that Nebraska Beef has placed the funds in escrow, in accordance with the Settlement Agreement. *See id.,* Ex. 1, Settlement Agreement at 12. The plaintiffs have designated a *cy pres* recipient, The Employee Rights Advocacy Institute For Law & Policy ("the Institute"), that will be awarded any residual of the Gross Settlement Amount remaining after administration of the Settlement. *Id.,* Ex. A, Cottrell Decl. at 11. The Institute is an

---

[1]The parties agree that, in light of the circumstances and the deadline for the parties to file their motion for preliminary approval, the named plaintiffs that cannot be located will not be treated as named plaintiffs in the settlement, but will instead participate in the settlement as regular Class Members, without affecting any named plaintiffs' ability to receive a service award. *Id.*, Ex. A, Cottrell Decl. at 10; Ex.1, Settlement Agreement at 21.

organization whose mission is aligned with the underlying purpose of the plaintiffs' claims. *Id.*

The proposed settlement between the plaintiff class and defendant Nebraska Beef appears, on preliminary review, to be within the range of reasonableness and, accordingly, the court finds the proposed Settlement Agreement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e) should be scheduled. Plaintiffs have submitted a Notice of Proposed Class Action Settlement and claim form to the court. *Id.*, Ex. 2. The court has reviewed the notice and claim form and finds that they are satisfactory. Accordingly,

IT IS ORDERED:

1. The parties' joint motion for preliminary approval of proposed class action settlement agreement (Filing No. 381 in 8:08CV90 and Filing No. 496 in 8:08CV99) is granted.

2. The proposed Settlement Agreement (Filing No. 383, Cottrell Decl., Ex. 1 (Doc # 383-3, Page ID ## 6389-6413) in 8:08CV90, and Filing No. 498 in 8:08CV99) is preliminarily approved.

3. Rust Consulting, Inc., is approved as the claims administrator of the proposed settlement and the costs of administration are preliminarily approved.

4. The Notice of Proposed Class Action Settlement and Claim Form (Filing No. 383, Index of Evid., Exs. 2 & 3 in 8:08CV90, and Filing No. 498, Index of Evid., Exs. 2 & 3 in 8:08CV99) are approved.

5. The parties' agreed-upon implementation schedule for completing the process (Filing No. 381 in 8:08CV90 and Filing No. 496 in 8:08CV99, Joint Motion at 2) is approved.

6.   The claims administrator shall mail the Notice of Proposed Class Action Settlement and Claim Forms, in substantially the form approved by the court, to all class members in accordance with the implementation schedule.

7.  A Fairness Hearing is set before the undersigned on **May 17, 2012, at 9:00 a.m.,** in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

DATED this 9th day of February, 2012.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge